BRUNOT, Justice.
 

 This is a suit to annul a sale of the lands described in the petition. The purchase price of the property was for below the jurisdictional amount of this court, but, for reasons not disclosed by the record, these lands have enhanced in value and there are affidavits in the record fixing the amount involved in this suit at more than $2,000, exclusive of interest. Article 7, § 10, Const. 1921.
 

 The pertinent part of the allegations of the petition and the relief prayed for are as follows:
 

 “On February 13, 1930, * * * your petitioner pretended to sell to Felicien Vizier and Forest Esponge * * * the following described property to wit: * * * That in said pretended sale it is recited that Two Hundred and Fifty Dollars ($250.00) were paid in cash by the purchasers to the vendor, but in truth and in fact, no cash or other consideration was received by petitioner, and the sale is, therefore, an absolute nullity.
 

 “That defendants herein have conspired between themselves to acquire said property from your petitioner, and were guilty of fraud and conspiracy against your petitioner in getting petitioner to sign the said pretended sale.
 

 “That the defendants herein agreed to pay petitioner Two Hundred and Fifty Dollars in cash at the time of the passing of the Act of Sale, and through connivance, fraud and deceit led your petitioner to believe that immediately -after signing the Act of Sale petitioner would be paid the Two Hundred and Fifty Dollars.
 

 “That after the pretended sale was completed the Notary inquired about the purchase price, and the defendants herein, continuing the fraud, conspiracy and collusion which they had practiced on your petitioner, told petitioner that they would pay him the amount that same night.
 

 “That continuing the misrepresentations, fraud and deceit which had been practiced upon your petitioner, the defendants herein failed to pay your petitioner the consideration that evening, and since tfiat time your petitioner has never received said amount or any amount from the defendants herein.
 

 “That your petitioner tried in vain to compel the defendants herein to pay the said amount, but the defendants herein, at the time of the passage of the Act of Sale and since that time, did not have the money to pay petitioner and have not had same since.
 

 “That in truth and in fact, the said property was acquired in said pretended sale only because of the fraud, deceit and misrepresentation of said defendants herein in leading your petitioner to believe that they would pay petitioner upon signing the Act of Sale, though they did not do so at that time or since that time.
 

 “That the said pretended sale is, therefore, an absolute nullity and should be rescinded and declared to be null by this Honorable Court, and petitioner be recognized to be the owner of the property.
 

 “Wherefore, the premises considered, petitioner prays * * * that after the expiration of all legal delays and due proceedings had, there be judgment in favor of petitioner, Beauregard Vizier, and against the defendants Felicien Vizier and Forest Esponge
 
 de
 
 
 *241
 

 clarimg the purported sale desoribed in the body of the petition to be null, void and of no effect,
 
 and decreeing petitioner to be the owner of said property.
 

 “Petitioner further prays for all necessary orders, and for general and equitable relief.” (Italics ours.)
 

 The defendants excepted to the petition as being vague and indefinite and as not disclosing a cause of action. They also pleaded the prescription of one, two, and three years, and, reserving the benefits of their exception and plea, they categorically answered the averments in the petition.
 

 Before further proceedings were had, the plaintiff died, and, by proper petition and order, his surviving widow and heirs, other than the defendant Felieien Vizier, were substituted for the deceased as the plaintiffs in the suit.
 

 The exception of no cause of action was argued and submitted to the court, and, from a judgment maintaining the exception and dismissing the suit, with costs, the plaintiffs appealed.
 

 The only question which this appeal presents for decision is whether or not the pleaded facts, which, for the purposes of the exception, must be considered as true, set forth a cause of action. The petition is not so artistically drawn as to entirely exclude the idea that the suit is one for a judgment decreeing the act of sale to be null and void ab initio. This is the conclusion the learned trial judge reached, but, when the petition is read in connection with the prayer for general and equitable relief, it is clear to us that the suit is one to annul the sale for fraud and misrepresentations chargeable to the vendees and but for which the vendor would not have passed the title to the property to the vendees.
 

 Such a conclusion necessarily implies that, on its face, the act of sale is a valid instrument, and an innocent third person acquiring on the faith of the record would be protected ; but where, as in this case, the title remains in the persons who are alleged to have acquired it by fraudulent means, and the fraud is alleged in as specific manner as it is set forth in the plaintiff’s petition, ‘an exception of no cause of action cannot avail the pleader, for, as is well said in Succession of Drysdale, 128 La. 151, 54 So. 701, 703, “fraud vitiates all things.”
 

 We think the appellants should have their-day in court on the merits.
 

 For the reasons stated, the judgment appealed from is reversed, the exception of no-cause of action is overruled, and the case is remanded to the court of original jurisdiction for trial according to law and the views-herein expressed.
 

 O’NIELL, O. J.,
 

 is of the opinion that the-facts alleged in the plaintiff’s petition did not constitute fraud, and, hence, that the-plaintiff’s right of action was merely to sue-for the price of the land, or perhaps to sue for a rescission of the sale for nonpayment of the price.
 

 ROGERS and ODOM, JJ., dissenting.