For the reasons assigned, the judgment appealed from is affirmed.

170 So. 13

VIZIER v. VIZIER et al.

No. 33884.

July 17, 1936.

Rehearing Denied Oct. 6, 1936.

Herold, Cousin & Herold, of Shreveport, and Harvey Peltier and Hubert A. La-

fargue, both of Thibodaux (Hugh M. Wilkinson, George M. Leppert, C. Paul Barker, and Bentley G. Byrnes, all of New Orleans, of counsel), for appellants.

Alfred D. Danziger and Sidney Singer, both of New Orleans, and C. A. Morvant and A. J. Caillouet, both of Thibodaux, for appellees.

O'NIELL, Chief Justice.

This suit was brought by Beauregard Vizier against his son, Felicien Vizier and the latter's brother-in-law, Forest Esponge, to have decreed null a sale of land which the plaintiff had made to the defendants. Beauregard Vizier died soon after the suit was filed, and his widow and six of the seven sons and daughters became the plaintiffs in the case. The seventh one of the heirs is the defendant Felicien Vizier. The suit was dismissed on an exception of no cause of action, but on appeal the judgment was reversed and the case was remanded for trial on its merits. Vizier v. Vizier, 182 La. 238, 161 So. 596. Thereafter the plaintiffs filed in the district court a supplemental petition, amplifying their allegations of fraud. They alleged that the defendants conspired to obtain a deed for the land without paying anything for it; that the defendants induced Beauregard Vizier to go before a notary public and sign the deed on the false representation that they would pay the price, $250, in cash immediately upon the signing of the deed; that, immediately after the deed was signed, and before it was delivered, the notary public inquired of the buyers, Felicien Vizier and Forest Esponge, about the payment of the price, and that they then stat-

ed to Beauregard Vizier, in the presence of the notary, that, if he (Beauregard Vizier) would permit the deed to be recorded, they would pay him the price, $250, that night; that they never paid any part of the price; that they not only did not intend to pay the price but affirmatively intended to pay nothing; and that their false and fraudulent representation that the price would be paid that night was the inducement and consideration for which Beauregard Vizier permitted the deed to be recorded.

The defendants denied the allegations of fraud and false representation, and averred that the price of the land, $250, was paid to Beauregard Vizier in cash, on the day before the deed was signed. The district judge, after hearing the evidence, concluded that the price was paid, as alleged by the defendants, and hence that there was no fraud or misrepresentation on their part. The judge, therefore, rejected the demands of the plaintiffs. They have appealed from the judgment.

The law of the case was settled by the decision of this court, overruling the exception of no cause of action. The only question which the district judge had to decide, and the only question presented by this appeal, is the question of fact, whether the price for which the sale was made, $250, was paid. There is no contention as to the sufficiency of the price. At the time of the sale, which was made on the 13th of February, 1930, the land had very little value. It was a narrow strip of land, having a width of only 288 feet fronting on Bayou Lafourche, near Leeville, about 65 miles below Thibodaux, and extending back in-

to the marsh. The discovery of oil at Leeville has made the land very valuable. At the time of the sale, however, the land had no prospective value. According to the testimony of the defendants, Beauregard Vizier began the negotiations by offering to sell the land to Forest Esponge for $250, in or about the early part of February, 1930. Esponge was not anxious to buy the land, but proposed to Felicien Vizier, who was the husband of Esponge's sister, that they (Esponge and Felicien Vizier) buy the land together, and that he (Esponge) would advance Felicien Vizier's half of the price, besides paying his own share. Felicien Vizier consented; and on the 12th day of February, 1930, while he was visiting his parents, who lived on the farm adjoining his place, Esponge came to the house, and, after conversing on other subjects, told Beauregard Vizier that he (Esponge) was ready to pay the price and buy the land which Beauregard Vizier had proposed to sell to him. Beauregard Vizier replied that he was not feeling well enough then to go to the office of the notary public, but that he would go and sign the deed the next day. Esponge then said that, as he had the money in his pocket, he might as well pay it to him (Beauregard Vizier); whereupon Esponge counted and paid to Beauregard Vizier twelve $20 bills and one $10 bill. It was agreed then that the parties would meet at the office of the notary public on the next afternoon and sign the deed. This proof of the payment of the $250 consists of the testimony of Forest Esponge, of Felicien Vizier, and of two other witnesses who happened to be in the room when and where the money was

paid. The only other persons who were there at the time were Mr. and Mrs. Beauregard Vizier. He died before the case was tried. She testified in the case and denied that any money was paid to her husband. On this question of fact, the judge of the district court decided in favor of the defendants. Considering that the deed itself, which was signed by both Mr. and Mrs. Beauregard Vizier, recites that the $250 was paid, it seems that the preponderance of the evidence on this point is with the defendants.

The other question of fact has reference to the plaintiffs' allegation that, immediately after the deed was signed, and before it was delivered by the notary public, Felicien Vizier and Forest Esponge, or one of them, told Beauregard Vizier, in the presence of the notary public, that, if he (Beauregard Vizier) would permit the deed to be recorded, they (Felicien Vizier and Forest Esponge) would pay the price that night. Of course, if Felicien Vizier and Forest Esponge, or either of them in the presence of the other, made that statement, it was virtually an acknowledgment that the price had not been paid. Only two witnesses, namely, Mrs. Beauregard Vizier and Victor Vizier, testified that Felicien Vizier or Forest Esponge made that statement on the occasion of the signing of the deed. Four witnesses, namely, Felicien Vizier, Forest Esponge, the notary public, and one of the subscribing witnesses to the deed, testified that nothing was said about the payment of the price at the time when the deed was read and signed. The other one of the two subscribing witnesses to the deed did not testify in the case. We

assume, therefore, that he was not possessed of any information that would have been favorable or unfavorable to either side. The notary public testified that he read the deed to the parties in the French language, translating from English to French as he went along. All of the parties to the transaction and the witnesses, as well as the notary public, spoke French. There is no doubt or dispute that both Mr. and Mrs. Beauregard Vizier understood, when they signed the deed, that they were acknowledging that the price was paid. Here again the preponderance of the evidence is on the side of the defendants.

The judgment is affirmed.